**Decided August 16, 1983**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

COMMONWEALTH OF THE NORTHERN)        CRIMINAL CASE NO. 83-34
MARIANA ISLANDS,                    )
                                    )
                vs.                 )               ORDER
                                    )
THOMAS A. ALDAN and                 )
ELEUTERIO S. PANGELINAN,            )
                                    )
                Defendants.         )
_____)

    Both defendants in this case have been charged with escape (11 TTC 601) in the information filed March 27, 1983.

    Counsel for the defendants raised the issue of the competence of the defendants at the time of the alleged offense and competence to stand trial.

    An order appointing the psychologist for the Commonwealth to examine the defendants was issued on May 20, 1983 but the standard to be used was questioned.

A subsequent order was issued on June 16, 1983 setting forth the standard set forth in 12 TTC §401 and that enunciated in Wade v U.S., 426 F2d 64 (9th Cir. 1970) which is a slightly modified American Law Institute (ALI) standard.

On July 27, 1983, the psychologist issued his reports finding, in substance, that both defendants were competent using the ALI standard and that both are competent to stand trial, using the Dusky v U.S., 362 US 402, 80 S.Ct. 788 test.

Title 12, Section 401 has been a part of the Trust Territory Code for many years and approximates the M'Naghten Rule. This rule has, over the years, been discredited and rejected in many courts. Most, if not all, Federal Circuits have replaced the rule with a new standard. Wade, supra, at 65.

In 1962 the American Law Institute formulated the Model Penal Code which included §4.01. This section set forth the new standard for determining competency of the accused at the time of the alleged offense. It reads:

> "(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality [wrongfulness] of his conduct or to conform his conduct to the requirements of law.

719

"(2) As used in this Article, the
terms, 'mental disease or defect' do not
include an abnormality manifested
only by repeated criminal or otherwise
antisocial conduct."

The differences between 12 TTC §401 and the ALI test
are patent. Under the former, the accused must be so insane
or to have such a deranged mind that he or she does not know
what he or she is doing. In other words, the accused is
totally devoid of cognitive or behavioral capacity.

The ALI test is less stringent and rejects the requirement
of failing to know the nature and quality of his act. An
accused can be held to be not responsible for his criminal
conduct if he lacks substantial capacity to appreciate his
conduct or conform his conduct to law. (emphasis added).

It could (and perhaps should) be easily concluded that
since the Ninth Circuit Court of Appeals looks over this
court's shoulder on appeals, this court must perfunctorily
cast out 12 TTC §401 and consider itself bound by Wade.
Whether the Ninth Circuit will demand obedience to its
rulings for matters such as these when dealing with local
matters is not yet known.

Regardless of the eventual outcome of that matter, this
court easily concludes that the reasoning and rational in
Wade for applying the modified ALI rule is sound. Suffice

to say that advances in the mental health field have more than adequately supported the basis for a change in the rule. Not only has the medical profession recognized the need for change but, as mentioned above, the courts have acknowledged that the M'Naghten Rule or similar standards such as found in 12 TTC §401 are obsolete and should be discarded. Not only is the ALI rule a modern expression of a standard formulated with the assistance of the medical profession, it is also an easier standard to apply and one which provides greater guidance to a psychiatrist or psychologist who is called upon to render an opinion as to the competence of an accused.

In order to obtain uniformity and to avoid the pitfalls pointed out in Wade as to Paragraph 2 of the ALI standard, this court adopts the modifications to §4.01 of the Model Penal Code made by Wade. Also pursuant to Wade, this new standard will not apply retroactively but only prospectively.

The standard for competency of the accused at the time of trial is well established as set forth in Dusky v U.S., 362 US 402, 80 S.Ct. 788.

ACCORDINGLY, IT IS ORDERED:

1.   That henceforth the rule for the determination

721

of criminal responsibility in the Commonwealth shall be as follows:

A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

2. The standard for determining competency at trial is:

Whether the defendant has sufficient present ability to consult with his/her lawyer with a reasonable degree of rational understanding and whether he/she has a rational as well as a factual understanding of the proceedings against him/her.

3. Both defendants, Thomas A. Aldan and Eleuterio S. Pangelinan, were competent at the time of the alleged offense and are competent to proceed to trial under the standards set forth in Paragraphs 1 and 2 above.

4. Trial is set for both defendants on October 3, 1983. Any pretrial motions must be filed no later than

September 1, 1983 and hearings on any said motions will be heard on or before September 16, 1983.

5.   Both defendants expressly waived time for a speedy trial and agreed to the above date of trial.

Dated at Saipan, CM, this 16th day of August, 1983.

_____
Robert A. Hefner, Chief Judge